AMBRO, Circuit Judge,
Dissenting.
Because I would determine that we have jurisdiction over Bile’s appeal, I respectfully dissent. Unlike the majority, I believe Bile exhausted his administrative remedies. In my view, the BIA sua sponte decided whether Bile’s appellate waiver was voluntary and intelligent by discussing jurisdiction and waiver. See Lin v. Attorney General, 543 F.3d 114, 119, 123 (3d Cir.2008) (determining that the appellate court had jurisdiction over the appeal because the BIA sua sponte considered the IJ’s adverse credibility determination). It dismissed the appeal because Bile “was *833 previously advised of his right to appeal and clearly elected not to do so.” (App.2.) Thus, the consideration and affirmation of validity was necessarily included in its decision.
Consequently, the IJ’s ruling that Bile’s waiver of his right to appeal was voluntary and intelligent was not supported by the record before the IJ.[2] Thus, I would determine that Bile’s waiver was invalid and he should not be deprived of appellate review. See United States v. Mendoza-Lopez, 481 U.S. 828, 840, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) (“Because the waivers of [respondents’] rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding.”). As the majority explained, the IJ’s description of the effect of its finding of frivolousness if upheld on appeal — that Bile would be barred permanently from getting legal status in the United States — was misleading. It is not a stretch to conclude that Bile, who proceeded pro se before the IJ, could have interpreted the IJ’s statements as a warning about the consequences of filing an appeal and that, in turn, if he did not appeal, he would not be barred permanently from possibly obtaining legal status on the United States. This misguided view of the BIA appeals process would certainly give a petitioner pause about pursuing his case on appeal.
Moreover, I also agree with the majority’s assessment that “Bile was not warned of the consequences of filing a frivolous application when he filed his asylum application, as required by 8 U.S.C. § 1158(d)(4)(A), or given an opportunity to account for any discrepancies in his testimony or any implausible aspects of his claim.” Bile admittedly did not understand the appeals process, explained he was tired, and expressed to the IJ that his testimony was truthful. These errors cited by the majority underscore that Bile’s appellate waiver was not knowing and voluntary, and perhaps that the IJ’s adverse credibility determination was an error as well. Given my position on waiver, I would send the case back to the BIA for consideration of the merits of Bile’s appeal in the first instance. Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir.2009) (stating that the court was “unable to review [an exhausted issue] because the BIA failed to address it”).
Because the majority does not share my view regarding jurisdiction to reach the question of waiver, I support its direction to request that the IJ reopen the case to consider these issues. See 8 C.F.R. § 1003.23(b)(1).

. I note that this case concerns an oral waiver on the record in the context of a asylum proceeding, rather than a signed, written waiver. Thus, our recent decision, Richardson v. United States, 558 F.3d 216, 219-220 (3d Cir.2009) (discussing that, in a removal proceeding, the alien bears the burden of proving validity when the waiver is written, and distinguishing United States v. Lopez-Vasquez, 1 F.3d 751, 753-54 (9th Cir.1993), in which the Ninth Circuit Court determined that the Government bears the burden when the waiver is oral), does not apply here.